Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RODNEY NIELSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**ABC COOLING & HEATING SERVICES, LLC,** a California company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Rodney Nielson. ("Plaintiff Nielson" or "Nielson") brings this Class Action Complaint and Demand for Jury Trial against Defendant ABC Cooling & Heating Services, LLC d/b/a Allbritten, The Barefoot Plumber, ("Defendant" or "Allbritten") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited telemarketing calls and text messages to consumers whose phone numbers are registered on the National Do Not

Call Registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Nielson, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Nielson is a resident of Sanger, California.

2. Defendant Allbritten is a company registered in California, with its headquarters located in Fresno, California. Defendant Allbritten conducts business throughout this District and throughout California.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction and venue is proper since Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff who also resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in October 2024 alone, at a rate of 158.4 million per day. www.robocallindex.com (last visited December 1, 2024).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. ABC Cooling & Heating Services, LLC operates using the d/b/a Allbritten, The Barefoot Plumber and variations including Allbritten:

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf



[3]

14. Defendant Allbritten provides plumbing, electrical and HVAC services to consumers throughout California.[4]

15. Defendant places telemarketing calls and text messages *en masse* to consumers to generate business.

16. Some of the unsolicited telemarketing calls and text messages from Allbritten are placed to consumers whose phone numbers are registered on the DNC, as per Plaintiff's experience.

17. In response to these calls and text messages, Plaintiff Nielson brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

---

[3] https://www.google.com/search?q=%22ABC+Cooling+%26+Heating%22+california
[4] https://www.linkedin.com/company/allbritten-the-barefoot-plumber/about/

## PLAINTIFF NIELSON'S ALLEGATIONS

18. Plaintiff Nielson is the sole owner and user of his cell phone number ending in 9999.

19. Plaintiff Nielson registered his cell phone number on the DNC on December 22, 2005.

20. Plaintiff Nielson uses his cell phone number for personal use only as one would use a landline telephone number in a home.

21. Plaintiff Nielson has never advertised his cell phone number for business purposes.

22. Plaintiff Nielson's cell phone number has never been associated with a business.

23. Plaintiff Nielson pays for his cell phone service and the cell phone is registered under his name.

24. Plaintiff Nielson uses his cell phone number to communicate with family and friends, and for household purposes only.

25. The phone call and text message that Plaintiff Nielson received from Defendant Allbritten were received more than 31 days after the Plaintiff registered his cell phone number on the DNC.

26. Between 2012 and 2014, Plaintiff Nielson was an Allbritten customer.

27. Since that time, Plaintiff has not done business with or inquired about services from Allbritten.

28. Notwithstanding, 10 years since last doing business with Albritten, on November 13, 2024 at 6:16 PM, Plaintiff Nielson received an unsolicited call to his cell phone from 559-292-4919.

29. When Plaintiff answered this call, an employee stated that they were calling from Allbritten about furnace servicing.

30. Plaintiff Nielson terminated the call.

31. 559-292-4919 is owned/operated by Allbritten:



[5]

32. On November 14, 2024 at 9:51 AM, Plaintiff Nielson received an unsolicited text message from 559-825-0578 to his cell phone.

33. The text message solicits a discounted furnace tune up offer of $109.

[5] https://business.fresnochamber.com/list/member/allbritten-the-barefoot-plumber-50

34. In response, at 10:08 AM on November 14, 2024, Plaintiff declined the offer, stated that he has no business relationship with Allbritten and that his number is registered on the DNC.

35. Plaintiff Nielson also texted 559-825-0578 asking for acknowledgement of his request to be removed from Allbritten's contact list, otherwise he would report the call and text message:




36. Despite his request, Plaintiff did not receive a response from Allbritten confirming that the communications would stop.

37. Plaintiff did not give Allbritten consent to call and/or text his cell phone number after terminating his business relationship with Allbritten.

38. The unauthorized solicitation phone call and text message that Plaintiff Nielson received from or on behalf of Defendant Allbritten have harmed Plaintiff in

the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

39. Seeking redress for these injuries, Plaintiff Nielson, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

40. Plaintiff Nielson brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through class certification (1) Allbritten or an agent calling on its behalf called and/or texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and/or texted Plaintiff.

41. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Nielson anticipates the need to amend the Class definition following appropriate discovery.

42. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant or an agent working on behalf of the Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. **Adequate Representation**: Plaintiff Nielson will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Nielson has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Nielson and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Nielson nor his counsel have any interest adverse to the Class.

45. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Nielson. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Nielson and the Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Nielson and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Nielson and the Do Not Call Registry Class received more than one telephone call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

51. As a result of Defendant's conduct as alleged herein, Plaintiff Nielson

and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Nielson requests a jury trial.

Respectfully Submitted,

**RODNEY NIELSON**, individually and on behalf of all others similarly situated,

DATED this 25th day of February, 2025.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*